IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JANET M. COLEMAN,

                        Plaintiff,                    OPINION AND ORDER

   v.

                                                17-cv-63-wmc

CITY OF WAUSAU,

                        Defendant.

In granting defendant's motion for summary judgment on all claims except denial of due process, the court expressed its belief "that the City is entitled to summary judgment on plaintiff's due process claims as well." (Summ. J. Op. (dkt. #18) 19.) However, because the defendant had not moved on those claims, the court gave plaintiff an opportunity to respond with "admissible evidence" that demonstrates why summary judgment is not appropriate under Rule 56(f). (*Id.* at 19-20.) In response, plaintiff requested that (1) the Amalgamated Transit Union Local 1168 be added "as the primary defendant[]" and (2) summary judgment be denied to both defendants. (Pl.'s Resp. (dkt. #19) 2 (capitalization altered).) For the reasons that follow, the court will deny both requests and grant the City summary judgment on plaintiff's due process claims.

**I. Adding A New Defendant**

In its decision on summary judgment, the court observed that "as to [plaintiff's] allegation that she had a right to a Union-provided lawyer -- assuming that she did have such an entitlement -- that would be a claim against the Union, not her former employer." (Summ. J. Op. (dkt. #18) 19.) In her response, plaintiff begins by asking the court to

"include" the Union in the case. (Pl.'s Resp. (dkt. #19) 2 (capitalization altered).) The court will construe this as a motion to amend her complaint under Rule 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Regardless, a motion for leave to amend -- and certainly one filed *after* the opposing party has sought summary judgment --

> is always made to the sound discretion of the district court and the court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability or where the party moving to amend has not shown that the proposed amendment has substantial merit.

*Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979) (internal citations omitted) (affirming denial of leave to amend and add a defendant where there were no facts asserted "to support a valid theory of liability against [the potential new defendant]"); *see also Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (citing *Estate of Porter v. State of Ill.*, 36 F.3d 684, 689 (7th Cir. 1994)) (affirming denial of leave to amend and add additional defendants where the leave was sought "very late in the proceedings" and the claim was "meritless").

Here, plaintiff's request is both untimely *and* futile. First, the request comes approximately a year and a half after plaintiff filed her complaint against the City of Wausau. (*Compare* Compl. (dkt. #1) 1 (dated Jan. 30, 2017) *with* Pl.'s Resp. (dkt. #19) 2 (dated July 6, 2018).[1]) Her request, likewise, was filed nearly six months after defendant sought summary judgment, and even then only after the court issued its opinion indicating

---

[1] Plaintiff's response is dated July 6, 2018, but was docketed on July 10, 2018.

2

an inclination to grant summary judgment on plaintiff's due process claim as well as those on which defendant formally moved. (*Compare* Def.'s Mot. Summ. J. (dkt. #10) 2 (dated Jan. 19, 2018) *with* Pl.'s Resp. (dkt. #19) 2 (dated July 6, 2018).) Second, plaintiff's proposed addition of the Union as a defendant, while cast in terms of a due process claim, would itself be futile. *See Xiong v. Fischer*, 787 F.3d 389, 397-98 (7th Cir. 2015) (rejecting plaintiff's § 1983 due process claim because the defendant union was a private, non-state actor, and there were no facts establishing it was acting under color of state law); *see also Mallum v. Wis. Laborers' Health Fund*, 2017 WL 1740302, at *2 (E.D. Wis. May 3, 2017) ("To state a valid due process claim under the Fourteenth Amendment, a plaintiff must plausibly allege that the state deprived him of life, liberty, or property without due process of law. . . . [P]rivate actors are generally not subject to suit under § 1983 for alleged violations of the Fourteenth Amendment, which only protects citizens from state action."). While "[a] private actor [may] be sued for a due process violation if its 'private conduct takes on the color of law,' . . . that only happens in limited circumstances," *id.* none of which are pleaded here.[2]

Third, even reading her allegations as a claim for breach of the Union's common law duty of fair representation, any such amendment would be futile. "[A] union's decision to refuse to process or pursue an employee's grievance any farther breaches its duty of fair representation 'only when a union's conduct toward a member of the collective bargaining

---

[2] *Mallum* arose in the context of a challenge to worker's compensation proceedings before the Wisconsin Department of Workforce Development, with plaintiff alleging that the defendant acted under the color of law through conspiracy or joint acts with the state actors to deprive him of constitutional rights.

3

unit is arbitrary, discriminatory or in bad faith.'" *Xiong*, 787 F.3d at 395 (quoting *Mahnke v. Wis. Emp't Relations Comm.*, 66 Wis. 2d 524, 225 N.W.2d 617, 622 (1975)). A court considering whether the union's action was arbitrary must "inquir[e] into the objective adequacy of [the] union action." *Id.* (quoting *Serv. Emps. Int'l Union Local No. 150 v. Wis. Emp't Relations Comm.*, 2010 WI App. 126, 329 Wis. 2d 447, 791 N.W.2d 662, 668 (Wis. Ct. App. 2010)). Certainly, ignoring a meritorious grievance or perfunctorily processing a grievance would be arbitrary. *Id.* (internal citations omitted).

Here, the Union membership voted against proceeding to the next step of the grievance process. (Coleman Dep. (dkt. #13) 95:24-96:25.) That decision is not objectively inadequate. Further, plaintiff does not allege that the *Union*'s decision not to move forward was made in bad faith or based on discriminatory motive. No jury could conclude that the Union failed to represent plaintiff adequately. *Cf. Xiong*, 787 F.3d at 396 (finding union's decision not to arbitrate plaintiff's grievance was reasonable). Accordingly, amending the complaint to add the Union as a defendant would be largely futile. Even if this were not true, to allow an amendment at this late date would not justify a continuation of the due process claims against the City.

**II. Summary Judgment**

Plaintiff points to no evidence -- admissible or otherwise -- to establish that "the State deprived [her] of a protected liberty or property interest, nor that the deprivation occurred without adequate due process," so the court will grant summary judgment to the City on her due process claims. (Summ. J. Op. (dkt. #18) 18 (quoting *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 926 (7th Cir. 2007)).) Fed. R. Civ. P. 56(f). In particular, plaintiff

4

does not offer any facts establishing a property interest in her continued public employment, nor that the deprivation lacked adequate process. She also does not contradict any of the court's findings at summary judgment. Her response, if anything, strengthens the court's conclusion that the City is entitled to summary judgment.

While plaintiff previously complained that "Metro-Ride did not notify the Local Union that they had made the decision to terminate [her] employment" (Compl. (dkt. #1) 8 (capitalization altered)), in her response she alleges that "prior to [her] termination the Union was notified, of the action the City of Wausau was taking in regards to [her] employment status" (Pl.'s Resp. (dkt. #18) 2 (capitalization altered)). Accordingly, the court will grant the City's motion for summary judgment on this claim as well.

ORDER

IT IS ORDERED that:

1) Summary judgment is GRANTED to defendant City of Wausau on plaintiff's remaining due process claims.

2) Plaintiff's request to amend the complaint (dkt. #19) is DENIED.

3) The clerk of court is directed to close this case.

Entered this 22nd day of August, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge